UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICKEY GOODSON                     CASE NO.: 4:24-cv-00117-RH-MJF

**Plaintiff,**

v.

**LOVE MANAGEMENT COMPANY,**
LLC d/b/a Allegro Management
Company,

**Defendant.**
_____/

### DEFENDANT'S MOTION TO DISMISS COMPLAINT[1]
### WITH SUPPORTING MEMORANDUM OF LAW

Defendant, Love Management Company, LLC d/b/a Allegro Management Company ("Defendant" or "Allegro"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby submits its Motion to Dismiss the Complaint filed by Plaintiff, Mickey Goodson ("Plaintiff"), and in support thereof states:

### INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff's Complaint alleges a single claim of unlawful retaliation in violation of Florida's Private Whistle Blower Act, Fla. Stat. § 448.101 et seq. ("FWA"). Dkt.

---

[1] Employees are employed by Love Management Company, LLC dba Allegro Management Company. However, Allegro Senior Living, LLC owns Love Management Company, LLC dba Allegro Management Company.

1-1 at ¶¶ 1; 26-32.  According to the Complaint, Plaintiff was employed as Resident Services Director at the time of her termination in June 2023. *Id.* at ¶ 6.  Plaintiff's Complaint is devoid of any allegation, whatsoever, that identifies a law, rule, or regulation that Defendant purportedly violated.  Instead, Plaintiff's Complaint is entirely premised upon Defendant's admission criteria and her opinion that Defendant's conduct violated its own admission criteria.  *See Id.* at ¶¶ 12, 14-15, 18.

Plaintiff's claim under the FWA is entirely premised upon Defendant's admissions, or placement, criteria.  More particularly, Plaintiff alleges that she objected to Executive Director, Laurie Jordan's request for an authorization to admit a prospective resident because the resident purportedly did not meet the facility's placement criteria.  *Id.* at ¶ 12.  She alleges that she reported Jordan's request on June 1, 2023, and that Jordan's actions were "actual **or suspected** violations of laws, rules, and/or regulations." *Id.* at ¶ 15 (emphasis added).  In speaking of the so-called actual or suspected violations, Plaintiff also alleges that Jordan accepted non-refundable deposits from prospective residents who did not meet the facility's admissions criteria, and manipulated intake forms so that the residents could meet the facility's admissions criteria.  *Id.*  Finally, Plaintiff alleges that on June 18, 2023, Jordan provided inaccurate information to a prospective resident's daughter by indicating that the resident met the facility's placement criteria.  *Id.* at ¶ 18.  Plaintiff

likewise claims that she objected to and reported Jordan's June 18, 2023 conduct. *Id.* at ¶ 20.

Nowhere in Plaintiff's Complaint does she cite or otherwise identify a rule, law, or regulation that Defendant purportedly violated. Not only does Plaintiff fail to specifically identify a rule, law, or regulation that was violated, but she also fails to generally do so. Instead, she alleges that the aforementioned conduct was either an actual **or** suspected violation. *Id.* at ¶¶ 3, 15, 28, 30. Indeed, Plaintiff does not even allege that the resident at issue was ultimately admitted to Defendant's facility in purported violation of its own criteria. Plaintiff's failures in these regards warrant dismissal of her Complaint.

## MEMORANDUM OF LAW

**I.     Relevant Legal Standards Governing A Rule 12(b)(6) Motion to Dismiss.**

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). To survive a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations must be "plausible" and "must be enough to raise a right to relief above

the speculative level." *Id.* at 555; *see also Edwards v. Prime Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). In addition to the above, the operative pleading must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Twombly*, 550 U.S. at 570).

A complaint must give the defendant fair notice of the bases for relief and the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). In deciding a Rule 12(b)(6) motion to dismiss, courts must accept all factual allegations in the complaint as true and take them in the light most favorable to plaintiff. *Id.* at 94. However, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). Moreover, "[f]actual allegations that are merely consistent with a defendant's liability [also] fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) ("conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.").

    II.    **Plaintiff Fails To State A Claim Under The FWA.**

The FWA protects employees that engage in three (3) types of statutorily described activities. *See* Fla. Stat. § 448.102. Here, Plaintiff alleges that her

termination was an unlawful retaliatory personnel action after she purportedly "[o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in actual or suspected violation of law, rule, or regulation and/or reported the violation and gave Defendant an opportunity to correct the problem." Fla. Stat. § 448.102(3); *see* Dkt. 1-1 at ¶ 30.

A claim of retaliatory termination under the FWA is analyzed via the same framework as retaliation claims brought pursuant to Title VII of the Civil Rights Act. *Turner v. Inzer*, 521 F. App'x 762, 764 (11th Cir. 2013). "The legislative purpose of the [FWA] is to 'protect private employees who refuse to assist employers who violate laws enacted to protect the public.'" *Bush v. Raytheon Co.*, 373 Fed. Appx. 936, 940 (11th Cir. 2010) (quoting *Jenkins v. Golf Channel*, 714 So.2d 558, 563 (Fla. 5th DCA 1998)). Accordingly, to state a *prima facie* case under this provision, Plaintiff must sufficiently allege that: (1) she objected to or refused to participate in any illegal activity, policy, or practice of Defendant; (2) she suffered an adverse employment action; and (3) the adverse employment action was causally linked to her objection or refusal. *Id.*; *see also Evey v. Creative Door & Millwork, LLC*, 2016 U.S. Dist. LEXIS 46011, *9 (M.D. Fla. Apr. 5, 2016) (quoting *Aery v. Wallace Lincoln-Mercury, LLC*, 118 So.3d 904, 916 (Fla. 4th DCA 2013)); *Castillo v. Roche Labs, Inc.*, 467 F. App'x 859, 862 (11th Cir. 2012); *Graddy v. Wal-Mart Stores East, LP*, 237 F.Supp. 3d 1223, 1226 (M.D. Fla. Feb. 14, 2017) (same).

Plaintiff's claim under the FWA must be dismissed because the Complaint fails to sufficiently allege that she engaged in a statutorily protected activity.

### A.     Plaintiff's Failure To Identify A Law, Rule, Or Regulation That Was Allegedly Violated Requires Dismissal.

To satisfy the first *prima facie* element, a plaintiff is required to show that "he objected to or refused to participate in: (i) an illegal activity, policy, or practice of an employer; (ii) illegal activity of anyone acting within the legitimate scope of their employment, or (iii) illegal activity of an employee that has been ratified by the employer." *McIntyre v. Delhaize Am., Inc.*, 2009 U.S. Dist. LEXIS 33026, *8-9 (M.D. Fla. Apr. 17, 2009), *aff'd*, 403 F. App'x 448 (11th Cir. 2010). As defined by the FWA, a law, rule, or regulation "includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business." § 448.101(4), Fla. Stat.

Here, the Complaint fails to identify any law, rule, or regulation, let alone allege facts that plausibly show an activity, policy, or practice of Defendant that violates such a law, rule, or regulation. Plaintiff's failure to identify the "law, rule, or regulation" that her employer allegedly violated is fatal to her claim under the FWA. *See Clifton v. Titusville Ctr. For Surgical Excellence*, 2016 U.S. Dist. LEXIS 99448, *8 n. 4 (M.D. Fla. Jul. 29, 2016) (holding that "Plaintiff did not … identify a law, rule, or regulation as the basis for his objections to [his supervisor's conduct];

as such, his objections concerning [that supervisor's] alleged violations of law are not actionable."); *Perdue v. Westpoint Home, Inc.*, 2008 U.S. Dist. LEXIS 7591, *11 (N.D. Fla. Jan. 31 2008) (dismissing complaint where "Plaintiff generally alleges that she objected to or refused to participate in Defendant's unlawful activity [but] fails to identify the specific law, rule, or regulation that Defendant allegedly violated.").

As stated by the court in *Perdue*, "[r]equiring that Plaintiff simply cite a law, rule, or regulation on which her claim rests, as required by § 448.102(3), does not place too onerous a burden on her. The claim is either viable, or it is not. Absent such a citation, I can only conclude that Plaintiff lacks the legal foundation necessary to entitle her to relief under [the FWA]." 2008 U.S. Dist. LEXIS 7591 at *12. It is not enough for Plaintiff to make vague and conclusory allegations that certain circumstances or practices violated a law, rule, or regulation. *See e.g. Stubblefield v. Follett Higher Educ. Group, Inc.,* 2010 U.S. Dist. LEXIS 50393, *6 (M.D. Fla. May 20, 2010) (finding allegations that actions violated "state and federal laws prohibiting theft and fraud" did not state a cause of action under the FWA). No further consideration is necessary – as a matter of law the Complaint must be dismissed based on Plaintiff's failure to identify a law, rule, or regulation that was purportedly violated by Allegro. *Id.*; *see also supra*.

**B.     The Complaint Fails To Allege An <u>Actual</u> Violation Of An Applicable Law, Rule, Or Regulation.**

In addition to identifying the law, rule, or regulation at issue, the governing law in the Eleventh Circuit requires Plaintiff to allege an actual violation of said law, rule, or regulation. *Goodwin v. Dyncorp Int'l, LLC,* 2015 U.S. Dist. LEXIS 195897 at n.6 (N.D. Fla. March 30, 2015) (noting agreement with *Kearns v. Farmer Acquisition*, 157 So. 3d 458 (Fla. 2d DCA 2013) which holds that an employee must allege an actual violation and a reasonable, good faith belief of a violation is insufficient); *Smith v. Psychiatric Solutions, Inc.*, 864 F.Supp. 2d 1241, 1258 (N.D. Fla. Feb. 28, 2012) (citations omitted); *see also Jaggers v. Frost & Sullivan*, 2023 U.S. Dist. LEXIS 35816 at *2 (S.D. Fla. March 2, 2023) (noting that persuasive authority from the Eleventh Circuit indicates that the "actual violation" standard is correct and in line with the statutory text); *Ramsey v. Akal Sec., Inc.*, 2006 U.S. Dist. LEXIS 103694, *21 (S.D. Fla. Nov. 6, 2006) (citing *White v. Purdue Pharma, Inc.*, 369 F.Supp.2d 1335, 1338 (M.D. Fla. 2005)); *Graddy*, 237 F.Supp. 3d at 1227-28. The FWA's requirement that an employer's policy or practice be "in violation of a law" is "unequivocal." *Hathaway v. Ramco-Gershenson, Inc.*, Case No. 18-cv-61359-WPD at *3 (S.D. Fla. Mar. 21, 2019) (quoting *Graddy*, 237 F.Supp. 3d at 1227). The FWA "does not provide protection to employees for 'alleged' or 'suspected' violations of the law." *Id.*; *see also Tillet v. BJ's Wholesale Club, Inc.*,

2010 U.S. Dist. LEXIS 79443, *31-39 (M.D. Fla. 2010) ("[N]o cause of action [under the FWA] will lie for an employee who harbors a reasonable, yet erroneous, belief of unlawfulness."); *Barlow v. Conagra Foods, Inc.*, 2005 U.S. Dist. LEXIS 31398, *12 (M.D. Fla. 2005) (holding that there was no underlying violation of law, rule, or regulation to support the plaintiff's whistleblower claim); *Lawson v. Dollar General Corp.*, 2006 U.S. Dist. LEXIS 47082 , *8 (M.D. Fla. 2006) (same);

The objectionable conduct to which Plaintiff cites is based entirely on Defendant's admissions criteria and Jordan's purported attempts to admit a resident in contravention of Defendant's criteria. At best, these allegations amount to nothing more than Plaintiff's own *opinion* that some unarticulated "review processes" by Jordan were, from her perspective, "inconsistent" with respect to some equally unidentified "established criteria of Defendant's facility." *Id*. Although Plaintiff alleges that Jordan manipulated intake forms as part of her efforts to admit a resident, she does not provide any facts to indicate that such actions were anything more than immoral or unethical. No law, rule, or regulation is implicated when an employee violates internal policies or processes – here, admissions criteria. Indeed, as a matter of law, disagreement with an employer's internal processes or policies is insufficient to establish "protected activity" under the FWA. *Villaman v. UPS*, 2019 U.S. Dist. LEXIS 21845 at *14 (S.D. Fla. February 8, 2019) ("The plain meaning of the FWA and other statutory tools at the Court's disposal establish that 'protected activity'

under the FWA is limited to objections to employers' activities that violate federal, state, or local statutes, ordinances, rules or regulations, and no violations of employers' internal policies.") Further, as a matter of law, Plaintiff's mere opinions or beliefs about whether a resident should or should not be admitted fail to state a plausible claim under the FWA and are insufficient to survive a motion to dismiss. *See e.g. Clifton*, 2016 U.S. Dist. LEXIS 99448 at *8 n. 4; *Hathaway*, Case No. 18-cv-61359-WPD, Doc. 28 at 3 (quote omitted); *Tillet*, 2010 U.S. Dist. LEXIS 79443 at *38. Moreover, Plaintiff does not allege that the resident at issue was ultimately admitted to Defendant's facility. Even accepting the allegations in the light most favorable to Plaintiff, if the resident was never admitted, there can be no actual violation of a law, rule or regulation.

## CONCLUSION

Plaintiff does not identify any law, rule, or regulation that might possibly have been violated as a result of the objectionable conduct to which she points. Likewise, the Complaint does not otherwise raise allegations sufficient to plausibly show an actual violation of law. Plaintiff merely alleges that the conduct to which she objected or refused to participate in was either an actual ***or a suspected*** violation. A claim under the FWA is not satisfied with such an either/or approach – the violation must be actual. Plaintiff has failed to plead an actual violation of law, rule, or

regulation for purposes of the FWA and accordingly, her Complaint should be dismissed.

**WHEREFORE**, Defendant respectfully requests that its Motion to Dismiss be GRANTED and that Plaintiff's Complaint be dismissed with prejudice.

## CERTIFICATE OF WORD COUNT

The undersigned counsel certifies that the foregoing complies with Local Rule 7.1(F) because it contains 2,361 words, as calculated by the word-processing system used to prepare this document, excluding the caption, certificates and signature block.

DATED this 15th day of March 2024

Respectfully submitted,

JACKSON LEWIS, P.C.
501 Riverside Avenue, Suite 902
Jacksonville, Florida 32202
Telephone: (904) 661-5811
Facsimile: (904) 638-2656

By: /s/ Lori K. Mans
Lori K. Mans
Florida Bar No. 12024
Lori.Mans@jacksonlewis.com
Bryce McColskey
Florida Bar No. 1031689
Bryce.McColskey@jacksonlewis.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on this 15th day of March 2024, via CM/ECF, providing notification to the following counsel of record:

Marie A. Mattox, Esq.
Adam Ellis, Esq.
203 North Gadsden Street
Tallahassee, FL 32301
marie@mattoxlaw.com
adam@mattoxlaw.com
michelle@mattoxlaw.com
Attorneys for Plaintiff

/s/ *Lori K. Mans*

Attorney