UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICKEY GOODSON                    CASE NO.: 4:24-cv-00117-RH-MJF

Plaintiff,

v.

LOVE MANAGEMENT COMPANY,
LLC d/b/a Allegro Management
Company,

Defendant.
_____/

# DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, LOVE MANAGEMENT COMPANY, LLC,[1] ("Allegro" or "Defendant"), by and through its undersigned counsel, serves its Answer and Affirmative Defenses to the First Amended Complaint ("Complaint") filed by Plaintiff, MICKEY GOODSON ("Plaintiff"). In support of Defendant's Answer and Affirmative Defenses, Defendant states as follows:

## NATURE OF THE ACTION

1. Defendant admits that Plaintiff purports to bring claims under Chapter 448, Florida Statutes. However, Defendant denies that Plaintiff states a claim under Chapter 448, denies any wrongdoing or violation of law, denies it is liable to

---

[1] Employees are employed by Love Management Company, LLC dba Allegro Management Company. However, Allegro Senior Living, LLC owns Love Management Company, LLC dba Allegro Management Company.

Plaintiff, and denies Plaintiff is entitled to receive any of the relief sought in the Complaint.

2. Defendant admits that Plaintiff alleges that this action involves claims in excess of $50,000 but denies that it violated Plaintiff's rights in any manner or that it is liable to Plaintiff in any respect.

## **THE PARTIES**

3. Defendant admits the first sentence of paragraph 3 of the Complaint. With respect to the remaining allegations in Paragraph 3 of the Complaint, they call for legal conclusions for which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4. With respect to the first sentence in Paragraph 4 of the Complaint, Defendant admits the allegations. With respect to the remaining allegations in Paragraph 4 of the Complaint, they call for legal conclusions for which no response is required. To the extent a response is required, Defendant admits that it formerly employed Plaintiff, but denies the remaining allegations in Paragraph 4 of the Complaint.

## **CONDITIONS PRECEDENT**

5. Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 5 of the Complaint and, therefore, denies those allegations.

## STATEMENT OF THE ULTIMATE FACTS

6. Defendant admits that Plaintiff began her employment with Defendant on or about August 9, 2022, in the position of Resident Services Director, but denies the remaining allegations in Paragraph 6 of the Complaint, and further denies that it violated Plaintiff's rights in any manner or that it is liable to Plaintiff in any respect.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant admits that Laurie Jordan began her employment with Defendant in December 2022 as alleged in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint

a. Defendant denies the allegations in subsection a.

b. Defendant denies the allegations in subsection b.

c. Defendant denies the allegations in subsection c.

d. Defendant denies the allegations in subsection d.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant admits that Plaintiff met with Laurie Jordan ("Jordan") on June 21, 2023, but denies the remaining allegations in Paragraph 23 of the Complaint, and further denies that it violated Plaintiff's rights in any manner or that it is liable to Plaintiff in any respect.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. With respect to the first sentence in Paragraph 26 of the Complaint, Defendant is without knowledge sufficient to admit or deny the allegations and, therefore, denies those allegations. Defendant denies the remaining allegations in Paragraph 26 of the Complaint

## COUNT I
## PRIVATE WHISTLEBLOWER RETALIATION

27. Defendant reincorporates its answers to Paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. Defendant admits that Plaintiff purports to bring an action under Section 448.101, *et seq.*, Florida Statutes, but denies that it violated Plaintiff's rights in any manner or that it is liable to Plaintiff in any respect.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE paragraph immediately following Paragraph 33 of the Complaint, including subsections (a) through (h).

## DEMAND FOR TRIAL BY JURY

Defendant admits that Plaintiff has demanded a trial by jury but denies that there are any issues to be tried before a jury.

## GENERAL DENIAL

Defendant denies each and every allegation of the Complaint that is not specifically admitted, including all captions and headers, demands strict proof thereof, and requests that Plaintiff's Complaint be dismissed in its entirety.

## AFFIRMATIVE AND OTHER DEFENSES

In addition to the Answers set forth above, Defendant asserts the following affirmative and other defenses to the Complaint.

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's damages, if any, should be reduced by any benefits Plaintiff receives or has received from collateral sources or other off-sets or recoupments. Specifically, Plaintiff's damages for lost wages, if any, should be reduced to the extent she receives or has received income from employment or other sources subsequent to her termination and/or by amounts earnable by Plaintiff with reasonable diligence.

## THIRD DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, to the extent she failed to take reasonable steps to mitigate her damages.

## FOURTH DEFENSE

Plaintiff's claims fail and/or her recovery of damages is limited because Defendant exercised reasonable care to prevent and promptly correct any alleged retaliatory behavior and/or Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities or to avoid harm otherwise.

## FIFTH DEFENSE

Any alleged retaliation or other misconduct by any employee of Defendant regarding Plaintiff, which Defendant does not concede as having occurred, was outside the course and scope of that employee's employment, contrary to Defendant's policies, and was not ratified, confirmed, or otherwise approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

## SIXTH DEFENSE

Plaintiff was, at all material times, an at-will employee and, therefore, Plaintiff was subject to discharge at any time, with or without cause, so long as said discharge was not for an unlawful reason.

## SEVENTH DEFENSE

Even if any decisions concerning Plaintiff's employment were based in part on any exercise of protected rights, which they were not, the same decisions would have been reached with respect to Plaintiff's employment absent any consideration of same.

## EIGHTH DEFENSE

Plaintiff's claims for damages are barred or limited to the extent it is shown she engaged in misconduct prior to, during, or in connection with her application for employment and/or employment that otherwise would have resulted in her termination or her not being hired if such conduct were then known to Defendant.

## NINETH DEFENSE

Defendant has well-disseminated policies against retaliation as well as reasonable and available procedures for receiving and investigating complaints of alleged retaliation. To the extent Plaintiff failed to use or otherwise avail herself of these policies and procedures, her claims are barred.

## TENTH DEFENSE

To the extent some or all of Plaintiff's claims are barred by the applicable statutes of limitations and/or are otherwise barred or preempted, Plaintiff is not entitled to recovery with respect to such claims.

## ELEVENTH DEFENSE

All actions taken with respect to Plaintiff's employment were in good faith and without any intent or motivation to retaliate against Plaintiff based on any exercise of protected rights, or to otherwise cause any harm to Plaintiff.

## TWELETH DEFENSE

Defendant took affirmative measures and made good faith efforts to prevent retaliation, and thus, cannot be liable for the decisions of its agents to the extent the challenged employment decisions were contrary to their efforts to comply with anti-retaliation statutes.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred to the extent that the conduct complained of does not constitute an actual violation of a law, rule, or regulation.

## FOURTEENTH DEFENSE

To the extent it is learned through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, and unclean hands, and to the extent she failed to satisfy conditions precedent to suit.

## FIFTEENTH DEFENSE

Although Defendant denies taking any adverse employment action toward Plaintiff due to purported protected activity, even if it did, such protected activity was not the but-for cause for the adverse employment action.

## SIXTEENTH DEFENSE

All actions taken with respect to Plaintiff's employment were based on legitimate, non-retaliatory reasons, which are not pretextual, and are unrelated to any protected activity and without intention to interfere with any of Plaintiff's Whistleblower rights.

## SEVENTEENTH DEFENSE

Defendant has made good faith efforts to prevent Whistleblower interference and retaliation in the workplace, and thus, cannot be liable for the decisions of its agents, to the extent the challenged employment decisions were contrary to its efforts to comply with Florida's Whistleblower Statute.

## EIGHTEENTH DEFENSE

Plaintiff fails to state a claim under the Florida Private Sector Whistleblower's Act, Fla. Stat. §448.102, because she failed to object in writing to Defendant about an activity, policy, or practice of Defendant that violated (or that she had a good faith belief violated) a law, rule, or regulation, and did not allow Defendant a reasonable opportunity to correct such activity, policy, or practice.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend this Answer, bring any additional defenses or affirmative defenses that become known during the course of litigation of this matter, and/or withdraw any of the defenses or affirmative defenses stated herein after reasonable opportunity for discovery.

**WHEREFORE**, Defendant respectfully requests that Plaintiff's claims for relief be denied in their entirety, that judgment be entered in favor of Defendant, and that this Court award such other relief as it deems appropriate.

DATED this 17th day of April 2024

Respectfully submitted,

JACKSON LEWIS, P.C.
501 Riverside Avenue, Suite 902
Jacksonville, Florida 32202
Telephone: (904) 661-5811
Facsimile: (904) 638-2656

By: */s/ Lori K. Mans*
Lori K. Mans
Florida Bar No. 12024
Lori.Mans@jacksonlewis.com
Bryce McColskey
Florida Bar No. 1031689
Bryce.McColskey@jacksonlewis.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on this 17th day of April 2024, via CM/ECF, providing notification to the following counsel of record:

Adam Ellis, Esq.
203 North Gadsden Street
Tallahassee, FL 32301
adam@mattoxlaw.com
marlene@mattoxlaw.com
michelle@mattoxlaw.com
Attorneys for Plaintiff

/s/ *Lori K. Mans*
Attorney